THE PEOPLE *v.* HERNÁNDEZ.

APPEAL from the District Court of Mayagüez.

No. 237.—Decided April 19, 1910.

CRIMINAL LAW—FRAUDULENT TRANSFER—INTENTION OF LEGISLATURE.—Although a section of the Penal Code may not have been drawn as it should have been, if the intention of the Legislature clearly appears therefrom, it is the duty of the courts to enforce the law as written.

ID.—STATEMENT OF THE CASE WITHOUT SIGNATURE OF JUDGE—CORRECTION OF DEFECT AFTER HEARING—DISCRETION OF THIS COURT.—In the case at bar the statement of the case presented was not signed by the trial judge, but this defect was not noticed by counsel for the parties until the hearing was had, when the *fiscal* raised the objection and counsel for the defense offered his excuses. A week after the hearing was had counsel for the accused, basing his action on the provisions of sections 55 and 56 of the Rules of this court, presented a certified copy, issued by the secretary of the court below, showing that the statement of the case had been duly signed by the trial judge, and asked that the certificate be accepted and made a part of the record. In view of this motion the court; exercising its discretion, accepted the same as a part of the record, and the omissions of the signature of the trial judge from the statement of the case was thereby remedied.

ID.—FRAUDULENT CONVEYANCES—PROVISIONS OF THE MORTGAGE LAW.—The provisions of article 129 of the Mortgage Law, refer to those conveyances made

in good faith and without any intention to defraud mortgage creditors in the exercise of their rights, or to place difficulties of any kind in the way of proceedings brought by them to recover their money.

ID.—FRAUDULENT CONVEYANCE—PARTICIPATION BY THE OWNER OF THE PROPERTY THEREIN—PRESUMPTION.—The law presumes that the owner of the property is a party to the conveyance thereof, where it is proved that he knew the purpose for which the conveyance was made and that he assisted therein as immediate purchaser or in some other capacity.

ID.—FRAUDULENT CONVEYANCE OF MORTGAGED PROPERTY—NONCOMPLIANCE WITH PROVISIONS OF MORTGAGE LAW.—The formalities of the Mortgage Law for the purpose of conveying mortgaged real property in order that such conveyances may be compatible with the rights of the mortgage creditor, not having been complied with in the conveyance herein involved, it is proper to show that the appellants proposed fraudulently to carry out the fictitious conveyance referred to herein.

ID.—SALE OF MORTGAGED PROPERTY—GOOD FAITH—RIGHTS OF MORTGAGE DEBTOR.—Although it is true that the mortgage debtor has a right to sell the mortgaged property, subject to the encumbrances created by the mortgage for the benefit of the creditor, such a sale must be made in good faith and without any intention to prejudice the interests of the creditor or delay or impede him in the recovery of his money, even where it is necessary to sell the mortgaged property, and that the purchaser take complete and full possession thereof, in accordance with the provisions of the sale, in the absence of good faith the crime defined by the statute is committed.

ID.—OBJECT OF THE LAW—MORTGAGE PROCEEDING.—For the purposes of the Penal Code, it is immaterial that the mortgage proceedings may be had after the sale made by the mortgage debtor, because the object of the law is also to punish those who delay and impede a creditor in recovering his money, as well as those who actually prevent him from so doing.

ID.—SUFFICIENT EVIDENCE OF FRAUDULENT PURPOSE—SUBSTANTIAL DELAY—IMPOSSIBILITY TO RECORD PROPERTY IN REGISTRY.—It having been proved that the illegal act performed by the defendant constituted a real obstacle and a substantial delay, preventing the admission of the property to record in the registry, in the name of the mortgage creditor, and the proceedure provided for by the Mortgage Law in this class of conveyances not having been followed, and in view of the fact that the property was sold to a person who, ly reason of his financial situation, was not in a position to make contracts of such a nature, such acts constitute sufficient evidence of the fraudulent purposes which the defendants had in mind.

The facts are stated in the opinion.

*Mr. Luis Méndez Vás* for appellant.

*Mr. Jesús M. Rossy, fiscal* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This proceeding was instituted before the municipal court of Mayagüez by virtue of a complaint filed by José A. Fernández, a resident of said town, charging the accused, Agustín

Hernández Mena, Juana Lliteras, and Manuel Parra y Parra, with an offense which is defined in section 469 of the Penal Code now in force, alleging that on September 3, 1909, in the city of Mayagüez, which forms part of the aforesaid judicial district, the accused voluntarily and with the intention to thwart the collection of a mortgage claim presented against Hernández and the woman, Lliteras, appeared before the notary public, Mariano Riera Palmer, and sold to their servant, Manuel Parra, a tract of land that had been attached by the complainant, in order to secure the effectiveness of his mortgage; which property was advertised to be sold at a public auction, by order of the district court; and after the said property had been adjudicated to the complainant, the registrar of property refused to record the same, for the reason that it had been sold by the said Hernández and the woman, Lliteras, to their servant, Manuel Parra.

It is claimed that section 469 of the Penal Code does not sufficiently define an offense against the laws of Porto Rico to permit the punishment of any person accused of violating the same. The said section reads as follows:

"Section 469.—Every person who is a party to any fraudulent conveyance of any property, real or personal, or any right or interest issuing out of the same, or to any bond, suit, judgment, or execution, contract or conveyance, had, made, or contrived, with intent to deceive and defraud others, or to defeat, hinder, or delay creditors or others of their just debts, damages, or demands; or who, being a party as aforesaid, at any time wittingly and willingly puts in, uses, avows, maintains, justifies, or defends the same, or any of them, as true, and done, had, or made in good faith, or upon good consideration, or alienates, assigns, or sells any of the property, real or personal, or other things before-mentioned, to him or them conveyed aforesaid, or any part thereof, is guilty of a misdemeanor."

.From a careful reading of this section, though it is not, perhaps, framed as skilfully as it might have been, we think that the purpose of the Legislature is apparent and that it is our duty to enforce the law as written.

The accused were declared guilty by the municipal court, and Hernández was sentenced to a fine of $500, or 10 months' imprisonment in the district jail, and Parra, to the payment of a fine of $400, or eight months' imprisonment in the same district jail; each of them being condemned, besides, to pay one-half of the costs. The other defendant, Juana Lliteras, was acquitted.

After an appeal had been taken from said judgment to the district court by the two defendants who had been convicted, the said court held a new trial, at which the accused pleaded not guilty; and after having heard the evidence and the oral arguments of the parties, the court declared the accused to be guilty, and sentenced each of them to pay a fine of $200, and, in default thereof, to suffer one day of imprisonment for each dollar of said fine that they might fail to pay, limiting the subsidiary penalty to 90 days' imprisonment in the district jail. The accused moved for a new trial, basing their motion on the allegation that the judgment was contrary to law and to the evidence. Said motion was overruled by the court; and from this ruling, as well as from the final judgment, the accused took an appeal to this court.

Included in the record, is a statement of the case, which contains the testimony of all the witnesses, who testified at the trial on both sides; and there are, besides, a copy of the deed executed by Hernández Mena in favor of Parra, and another of the deed executed by Ramón Irizarry, as marshal of the District Court of Mayagüez, in favor of José Ramón Freire, which documents have reference to the property in question.

This statement, when the transcript was presented here, lacked the signature and authentication of the district judge. This default seems to have escaped the notice of all parties until the case was being heard in this court. Then the *fiscal* made an oral motion to disregard the statement of the case because it lacked the proper authentication. In the argument, the attorney for the accused attempted to excuse his neglect

in this matter by claiming that the law makes it the duty of the district clerk to prepare and forward to this court, all transcripts in criminal cases and that the *fiscal* had not made any motion, prior to the trial, to suppress the statement of the case for lack of proper authentication. The hearing was closed, after the usual arguments, and the case was taken under advisement by the court. A week after the hearing counsel for the accused, under rules 55 and 56, presented a certified copy from the district court, showing a proper authentication of the statement of the case by the district judge, and moved that it be accepted and made a part of the record. This motion was heard, on oral argument of counsel for both sides, on Monday, the 11th, and although it came after the hearing, the court, in its discretion, granted the same and the certificate of the district judge, approving the statement of the case, was made a part of the record. So it must be given due consideration in the decision of the case.

The appellant appears before this court, through counsel, in oral argument and by a brief in which he narrates all the facts that have occurred, and sets forth as legal grounds, on which he bases his appeal the provisions of section 129 of the Mortgage Law, and the corresponding section 175 of the Regulations for the execution of the same, which declare that the owner of a mortgaged estate is not prevented from selling the same; but that, on the contrary, the alienation of properties that are in such condition, is authorized, although rules are prescribed, to which such alienations must conform. The appellant alleges also the infringment of section 469 of the Penal Code, by undue application of the same, inasmuch as it is a prerequisite for the application of said legal precept, that a fraudulent conveyance be made for the purpose of thwarting or hindering one's creditors in their just demands; and a contract under which the creditor retains all his rights, in spite of the sale effected thereby, cannot be stigmatized as fraudulent, or deemed to be made for an unlawful purpose.

On the other hand, the *fiscal,* in reply to what was said by the appellants in their brief, maintains that the violation of section 469 of the Penal Code, is clear and evident, and that the judgment based on the same, is just and should be enforced.

It is undeniable that section 129 of the Mortgage Law which has been cited by the appellants, provides for the case in which a mortgaged estate might be alienated before the creditor had collected the amount due to him under his mortgage. But said provision refers to those alienations which are made in good faith, and which in no way serve the purpose of defrauding the mortgage creditors in the exircise of their rights or tend to put difficulties in their way, in connection with the proceedings taken by them, in order to collect the amounts to which they are entitled. And this is true to such an extent, that the Mortgage Law itself, upon establishing the general principle, that no suits for rescision and determination of title, shall be instituted against third persons, who have recorded the instruments showing their respective interests, in conformity with the provisions of said law, excludes the cases in which alienations have been made for the purpose of defrauding creditors, wherein the third person has been an accomplice in the fraud. And the law presumes that the owner of the land is a party to the fraudulent conveyance of the same, when it is proven that he knew the purpose of making said conveyance, and that he was a party to it, in the character of last owner, or in any other capacity. Aside from the aforesaid provisions, the Mortgage Law itself establishes the formalities, by means of which the alienation of an estate encumbered by a mortgage debt, shall be carried into effect, in order that said transactions be truly consistent with the rights and interests of the mortgage creditors. And it appears that none of said formalities have been complied with in the present case; for which reason, the deceitful and fraudulent purpose may be detected by which the appellants appear to have been guided in the simulated trans-

action referred to. So the allegation, made by the first-named accused, Hernández, that his intention in making the conveyance was to avoid a judicial conflict with Mr. Fernández, is not a sufficient excuse for his action or to justify his acquittal of the charge made against him.

It is certainly true that the mortgagor has the right to sell the mortgaged property, subject to the claims and incumbrances created by the mortgage for the benefit of the mortgagee; but such a sale must be made in good faith without any intention of injuring the mortgagee or of delaying or obstructing him in the collection of his debt, even should it be necessary to sell the mortgaged property, and for the purchaser of the same to take full and complete possession thereof, in accordance with the sale. If good faith is lacking in the transaction and the fraudulent intention appears from the evidence, the offense forbidden by the statute is complete, and the punishment should follow.

For the purposes of the criminal law, it does not matter that the mortgage proceeding may be prosecuted through all its stages, in spite of the sale made by the mortgage debtor; for the real purpose of said law is also the punishment of those who obstruct and retard as well as those who defeat this kind of demands on the part of creditors. And it is shown that a real obstruction and a substantial delay have been caused by the illegal act of the accused, inasmuch as the mortgage creditor has been unable to enter into the actual possession of the property purchased at the sale; and, aside from this, the accused have caused to him the damages arising from the failure to record the transfer of the property in the register; on account of which obstructions he has not been able to make use of said property, as legitimate owner of the same, nor to perform the usual acts of ownership, which the inscription of his deed would have permitted him to carry into effect; and the further fact, that in the alienation of said real estate by the accused, all the proceedings that, for such cases, are prescribed by the Mortgage Law, were omitted, and that the

property was sold to a person, who, by reason of his financial situation, as it is shown, had no ability to enter into contracts of such a nature, as appears from the evidence introduced at the trial, constitutes, without any doubt, sufficient proof of the fraudulent intention of the accused.

On account of these considerations, we are of the opinion, that the judgment should be affirmed, and that the costs should be imposed upon the appellants.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.